IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JEFFREY STEWART, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:18-CV-248 (CDL) |
| DOLGEN CORPORATION LLC *d/b/a* DOLLAR GENERAL, | * | |
| | * | |
| Defendant. | | |
| | * | |

O R D E R

In this slip-and-fall case, Jeffrey Stewart seeks to exclude evidence that no other falls occurred in the area where he fell during the hour immediately preceding his fall. A surveillance camera near the store entrance where Stewart fell captured video of customers entering the store during the hour before Stewart's fall. That video shows no other customers falling as they entered the store. Dollar General seeks to admit still frames from that video. Dollar General also intends to have its expert, Travis Gourley, testify regarding the video. For the following reasons, Stewart's motion in limine to exclude this evidence (ECF No. 18) is denied.

DISCUSSION

"Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved . . . and causation." *Hessen ex*

*rel. Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990); *accord Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). To recover in a slip-and-fall case in Georgia, a plaintiff must show, among other things, that the "defendant had actual or constructive knowledge of the hazard" and that the defendant's knowledge of the hazardous condition was superior to the plaintiff's knowledge. *Washington v. J.D. Royer Wholesale Florist*, 620 S.E.2d 626, 628 (Ga. Ct. App. 2005) (quoting *Robinson v. Kroger Co.*, 493 S.E.2d 403, 413 (Ga. 1997)). Here, Dollar General seeks to admit evidence that no other falls occurred in the area where Stewart fell immediately preceding his fall for the purpose of convincing the jury that it did not have notice that a hazardous condition existed at the entrance to its store. Evidence that several customers travelled this same area while it was in a similar condition to the condition encountered by Stewart is relevant on this issue and may be admitted for this purpose. *See Hessen*, 915 F.2d at 650 (finding that district court did not abuse its discretion in admitting evidence of fuel odor and leakage problems similar to plaintiff's).

This evidence is only admissible, however, if the conditions when the other customers passed through the entrance were substantially similar to the conditions when Stewart fell. *Id.* at 649; *see also Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015) ("The 'substantial similarity' doctrine does not

require identical circumstances, and allows for some play in the joints depending on the scenario presented and desired use of the evidence."). Dollar General maintains that the circumstances were substantially similar because the previous incidents occurred within one hour of Stewart's fall, the positioning of the entry mat never changed, the other customers used the same entryway as Stewart, and the weather remained the same during the hour leading up to Stewart's fall. If Dollar General lays this foundation at trial, the Court finds sufficient similarity for the evidence to be considered by the jury.[1]

CONCLUSION

For the foregoing reasons, Stewart's motion in limine (ECF No. 18) is denied.

IT IS SO ORDERED, this 27th day of August, 2019.

s\ Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court hastens to add that this evidence would be admitted for the sole purpose of rebutting Stewart's claim that Dollar General had superior knowledge of a hazardous condition. And this ruling obviously does not prevent Stewart from presenting evidence and arguing that notwithstanding the fortuity that other customers successfully navigated a hazardous condition caused by Defendant's configuration of the mat at the entrance, Dollar General should still be held legally responsible for Stewart's fall and subsequent injuries. The Court simply holds that the absence of prior falls under substantially similar conditions is one piece of evidence that the jury may consider as the factfinder.

3