IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JEFFREY STEWART, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | File No. 4:18-CV-248-CDL |
| | ) | |
| v. | ) | |
| | ) | |
| DOLGENCORP, LLC d/b/a | ) | |
| DOLLAR GENERAL | ) | |
| | ) | |
| Defendant. | ) | |

## PRETRIAL ORDER - JURY

This case is scheduled for trial to begin at 9:00 A.M. on September 16, 2019 at the United States Courthouse in Columbus, Georgia.  The following constitutes a pretrial order entered in the above-styled case after conference with counsel for the parties:

(1)　(a)　**The names, addresses, and telephone numbers of all attorneys who personally appeared at pretrial and who will conduct the trial are as follows:**

> Plaintiff:　　Charles A. Gower
> 　　　　　　Georgia Bar No. 303500
> 　　　　　　*charlie@cagower.com*
> 　　　　　　Shaun P. O'Hara
> 　　　　　　Georgia Bar No. 749503
> 　　　　　　*shaun@cagower.com*
> 　　　　　　Austin Gower
> 　　　　　　Georgia Bar No. 303528
> 　　　　　　*Austin@cagower.com*

1

Miranda Brash
Georgia Bar No. 475203
*Miranda@cagower.com*

1425 Wynnton Road
Post Office Box 5509
Columbus, GA  31902
Tel. (706) 324-5685
Fax (706) 322-2964

Defendant: Erica Morton
Georgia Bar No. 140869
Erica.Morton@swiftcurrie.com

William T. Casey, Jr.
Georgia Bar No. 115610
Bill.Casey@swiftcurrie.com

Brianna Tucker
Georgia Bar No. 109297
Brianna.Tucker@swiftcurrie.com

Swift Currie McGhee & Hiers, LLP
1355 Peachtree St. NE
Suite 300
Atlanta, Georgia 30309

Phone: (404) 874-8800
Fax: (404) 888-6199

**(b)** **The names, addresses, and telephone numbers of all nonparty persons including attorneys who have a fixed or contingent financial interest in this case are as follows:**

Austin Gower

1425 Wynnton Road
P.O. Box 5509
Columbus, Georgia 31906
Tel: (706) 324-5685

**(2)** **(a)** **Companion cases pending in this and other federal or state courts
are:** None.

**(b)** **Possible derivative claims not now the subject of pending litigation:**
None.

**(3)** **The estimated time required for trial is:**

By Plaintiff:          3 days (total for the trial)

By Defendant:        3 days

**(4)** **The parties agree that the court has jurisdiction of the parties and the
subject matter. Subject matter jurisdiction in this case is based on diversity of
citizenship 28 U.S.C. § 1332.**

**(5)** **The jury will be qualified as to relationship with the following:**

By Plaintiff:

Jeffrey Stewart

Teresa Jean Stewart

Charlie Gower, Esq.

Shaun P. O'Hara, Esq.

Austin Gower, Esq.

Miranda Brash, Esq.

Erica Morton, Esq.

3

Brianna Tucker, Esq.

Swift, Currie, McGhee & Hiers, LLP

Chubb Group – ACE American Insurance Company

Dollar General Corporation

Dolgencorp, LLC

Will Barnes

Travis R. Gourley

Vishnu C. Potini, MD

Patrick Graham PT

Janice Emmerich – Dollar General Employee that did incident report

Deshunti Willis – Dollar General Employee was working that day

Amanda Parr – Dollar General Store Manager

<u>By Defendant</u>:

Jeffrey Stewart

Teresa Jean Stewart

Charlie Gower, Esq.

Shaun P. O'Hara, Esq.

Austin Gower, Esq.

Miranda Brash, Esq.

Chubb Group – ACE American Insurance Company

Dollar General Corporation

Dolgencorp, LLC

<u>DEFENDANT'S OBJECTION:</u> Defendant objects to Plaintiff's effort to have the judge qualify the jury as to individuals or entities that do not have a financial interest in the outcome of the case.  Defendant does not, however, dispute Plaintiff's right to explore relationships with additional individuals during voir dire.

**(6)     All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery except for good cause shown. The parties, however, shall be permitted by agreement to take depositions of any person(s) for the preservation of evidence or for use at trial.**

**(7)     Unless otherwise noted, the names of the parties as shown in the caption to this order are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

**(8)     The following is the Plaintiff's brief and succinct outline of the case and contentions:**

This is a premises liability case involving a fall at Dollar General. Jeff Stewart visited Dollar General in Waverly Hall on March 11, 2018. As Jeff stepped into the entrance of the store his right foot slipped out from under him and his left knee slammed into the floor crushing his knee cap. Jeff suffered a comminuted fracture of the patella.

Jeff contends that Dollar General negligently failed to maintain the entryway. Jeff contends that Dollar General knew that its floors were wet as evidenced by the placement of a wet floor sign approximately 13 feet inside the store and away from the front doors. Notwithstanding this knowledge, no Dollar General employee dry mopped or cleaned the floor for at least one-hour prior to Jeff's fall.

Jeff contends that Dollar General knew of this hazardous condition at its entrance by violating its own standard operating procedure to place a floor mat next to the threshold. Instead of placing a floor mat at the threshold, Dollar General placed a floor mat several feet away from the entrance in violation of Dollar General's policies.

Jeff further contends that Dollar General violated certain building codes at the entrance to its store, which violations caused Jeff to fall.

**(9)   The following is the Defendant's brief and succinct outline of the case and contentions:**

Dolgencorp contends that it was not negligent in any respect and that no act or failure to act by its employees caused Plaintiff's fall on March 11, 2018.  The undisputed evidence is that it had been raining nearly all day on March 11, 2018. Plaintiff slipped and fell on his first step into the Waverly Hall Dollar General; however, there was a wet floor sign in place and there was no unreasonable

accumulation of water where Plaintiff fell.  Plaintiff had equal knowledge of the rain water and wet conditions; therefore he cannot recover against Dolgencorp. Dolgencorp further contends that the Waverly Hall Dollar General store does not violate any building codes and that, even if it did, no such code violations actually caused Plaintiff's fall.  Dolgencorp contends Plaintiff's fall was caused by rainy conditions and/or his shoes.

**(10)   The issues for determination by the jury are as follows:**

<u>By Plaintiff</u>:

(a)   Whether Dollar General was negligent in maintaining its entrance;

(b)   Whether Dollar General exercised ordinary care in keeping its premises safe;

(c)   Whether Dollar General's negligence proximately caused damages to Plaintiff Jeffrey Stewart.

(d)   What amount of damages to award to Plaintiff Jeffrey Stewart.

<u>By Defendant</u>:

Negligence; Comparative Negligence; Proximate Cause; Damages

**(11)   If a tort action, specifications of negligence, including applicable code sections, are as follows:**

Plaintiff Jeffrey Stewart contends that Dollar General is liable in damages for injuries caused by Dollar General's failure to exercise ordinary care in keeping the premises and approaches safe pursuant to O.C.G.A. § 51-3-1. Plaintiff Jeffrey Stewart contends that Dollar General's violation of The Life Safety Code, which is used to govern the design of all "Means of Egress" in building in the State of Georgia constitutes negligence per se pursuant to O.C.G.A § 51-1-6.

By Defendant:

O.C.G.A. § 51-3-1 (Owner or occupier bound to keep premises safe, when);

O.C.G.A. § 51-11-7 (Comparative Negligence);

O.C.G.A. § 51-1-2 (Ordinary Negligence);

O.C.G.A. §§ 51-12-8 and 51-12-9 (Proximate Causation);

Robinson v. Kroger Co., 268 Ga. 735, 748, 493 S.E.2d 414 (1997) (discussing principles of premises liability law, duties owed, constructive knowledge requirement, and a plaintiff's duty to exercise ordinary care for her own safety);

Flagstar Enterprises, Inc. v. Burch, 267 Ga. App. 856, 857 (2004) (acknowledging that the mere occurrence of a fall is not evidence of negligence on the part of an owner/occupier);

Emory University v. Smith, 260 Ga. App. 900, 901, 581 S.E.2d 405, 406  (2003) ("a slippery condition caused solely by rainwater is not a hazard because it presents no unreasonable risk of harm.");

Drew v. Istar Fin., Inc., 291 Ga. App. 323, 661 S.E.2d 686 (2008) (holding that where an employee returning from lunch fell as she entered the lobby on a rainy day, she did not show that the water constituted unreasonable risk of harm.); and

Cole v. Cracker Barrel 210 Ga. App. 488, 489 436 S.E.2d 704, 705 (1993) (holding if "defendant's premises floor 'was constructed of a material commonly accepted in the building industry," not negligently maintained or defective, then  the standard of ordinary care [has] been met and there is not issue of material fact with regards to negligent maintenance, design or construction.")

**(12)   If a contract action, the terms of the contract are as follows (or, the contract is attached as an exhibit to this Order):**  Not applicable.

**(13)   The types of damages and the applicable measure of those damages are as follows:**

> <u>By Plaintiff</u>:
>
> > (a)   General damages for pain and suffering, as measured by the enlightened conscience of the jury.
> >
> > (b)   Special damages for Plaintiff Jeffrey Stewart's lost wages and medical expenses. Jeffrey Stewart's medical expenses are

currently $58,168.24. Jeffrey Stewart's lost wages are $4,870.08.

**(14)   All material undisputed facts established by the pleadings, depositions, or admissions of the parties are attached hereto as Exhibit A, are signed by counsel, and will be submitted to the jury at the beginning of trial [ALL PARTIES MUST STIPULATE TO THESE FACTS - otherwise there are NO undisputed facts].**

**(15)   Pursuant to the court's usual practice, pleadings will not be submitted to the jury.**

**(16)   Special authorities relied upon by Plaintiff relating to peculiar legal questions are as follows:**  None.

**(17)   Special authorities relied upon by Defendants relating to peculiar legal questions are as follows:** None other than those cited in Defendant's Motion for Summary Judgment Brief, Daubert Motion and Motion in Limine.

**(18)   The following are lists of witnesses the**

      **(a)   Plaintiff will have present at trial:**

        Jeffrey Stewart

      **(b)   Plaintiff may have present at trial:**

        Teresa Jean Stewart

Joseph Charles Stewart

Lindsay Jull Stewart

Amanda Kathryn Duncan

Sean Merritt Whittemore

Vishnu C. Potini, MD

Patrick Graham PT

Will Barnes

**(c)      Defendants <u>will</u> have present at trial:**

None.

**(d)      Defendants <u>may</u> have present at trial:**

Jeffrey Stewart;

Teresa Jean Stewart;

Joseph Charles Stewart;

Lindsay Jull Stewart;

Amanda Kathryn Duncan;

Sean Merritt Whittemore;

Vishnu C. Potini, MD;

Patrick Graham, PT;

Will Barnes;

Travis Gourley;

Jannice Emmerich;

Deshunti Willis;

Amanda Parr;

Michael Coulthard, MD;

John Yeoman, MD;

Aditya Reddy, MD;

Gregory Parker, MD;

Dr. Bantwal Baliga;

Michael H. Lake, MD;

Any other witness necessary for foundation and authentication of medical or employment records; and

Any other witnesses identified in Plaintiff's Portion of the Pre-trial order.

**Opposing counsel may rely on representation by the designated party that it <u>will</u> have a witness present unless notice to the contrary is given in sufficient time prior to trial to allow the other party to subpoena the witness or obtain this testimony by other means. Counsel should be prepared to state at the pretrial conference objections to any witness listed.**

**(19)   Attached hereto as <u>Exhibit B</u> is a list of all depositions that <u>each party</u> intends to present at trial in lieu of live testimony.  If parties do not intend to read the entire deposition into the record, page and line designations and counter designations should be included.**

None.

**(20)   Attached hereto as <u>Exhibit C</u> is a list of all exhibits that <u>each party</u> intends to tender into evidence at trial.  [Please designate with an asterisk (\*) those exhibits to which an authenticity objection exists.   All exhibits should be <u>numerically</u> marked prior to trial and should contain the following information: Case number and trial exhibit designation: P-1 would denote Plaintiffs Exhibit #1; D-1 would denote Defendant's Exhibit #1; J-1 would denote Joint Exhibit #1. Please DO NOT use letters to identify your exhibits. The courtroom deputy clerk will answer any questions regarding <u>enumeration</u> of exhibits or access to courtroom technology.]**

**PLEASE NOTE: ELECTRONIC EVIDENCE FILES SHOULD BE PROVIDED TO THE COURTROOM DEPUTY AT LEAST ONE WEEK PRIOR TO TRIAL.  PLEASE REFER TO THE COURT WEBSITE FOR INFORMATION REGARDING THE JURY EVIDENCE RECORDING SYSTEM (JERS) AND OTHER AVAILABLE COURTROOM**

**TECHNOLOGY**

**(HTTP://WWW.GAMD.USCOURTS.GOV/TECHNOLOGY).**

**(21)   Attached hereto as <u>Exhibit D</u> is the form of all possible verdicts to be considered by the jury.**

**(22)   The possibilities of settling the case are:**  Slight.

**(23)   A jury of twelve will be selected and all jurors shall participate in the verdict unless excused from service by the court.**

**(24)   The parties are notified that if this action is settled after jurors have been summoned and it is too late to notify jurors that it is not longer necessary for them to report for jury service, the cost of compensating those jurors who report for jury service unnecessarily shall be taxed as costs upon the parties, as the Court determines appropriate.**

**(25)   Other matters:**

Plaintiff: None.

Defendant: Defendant has pending a Motion for Summary Judgment, a Motion to Exclude Will Barnes as an Expert Witness, and Defendant's Motions in Limine.  ADDED BY THE COURT: These have been ruled upon.

This 21st day of August, 2019.

Submitted by:

CHARLES A. GOWER, PC

/s/ *Charles A. Gower*
Charles A. Gower
Georgia Bar No. 303500
Post Office Box 5509
Columbus, GA 31906
(706) 324-5685
*Attorney for Plaintiff*


SWIFT, CURRIE, MCGHEE
    & HIERS, LLP

*s/Erica L. Morton, Esq.*
Erica L. Morton, Esq.
Georgia Bar No. 140869
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
*Attorney for Defendant*

**ORDER***

In addition to oral rulings on the Defendant's motions in limine which are reflected in the transcript of the pretrial conference, the Court made the following rulings at the pretrial conference: (1) denying Defendant Dolgencorp, LLC's motion for summary judgment (ECF No. 21); and (2) denying Defendant Dolgencorp's Daubert motion regarding Will Barnes (ECF No. 27).

It is hereby ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and supersedes the pleadings which may not be further amended except by order of the court to prevent manifest injustice.

This 27th day of August, 2019.


    S\Clay D. Land
CLAY D. LAND
United States District Court Judge
Middle District of Georgia

**EXHIBIT A**

**<u>DEFENDANT'S PROPOSED STIPULATED FACTS</u>**

1.     Jeffrey Stewart fell in the Dollar General Store located at 9 Waverly Circle, Waverly Hall, Georgia Dollar General Store on March 11, 2018.

2.     It rained throughout the day on March 11, 2018, at the Waverly Hall, Dollar General store.

3.     It was raining when Plaintiff arrived at the Waverly Hall Dollar General store on March 11, 2018.

4.     A wet floor sign was on display in the Waverly Hall Dollar General store when Plaintiff entered the store.

**EXHIBIT B**

**<u>DEPOSITIONS – BY PLAINTIFF</u>**

None

**<u>DEPOSITIONS – BY DEFENDANT</u>**

None.

**EXHIBIT C**

**<u>PLAINTIFFS' TRIAL EXHIBITS</u>**

P1 – Store Video

P2 – Customer Incident Report

P3 – Still Frame Photo of Incident

P4 – Still Frame Photo of Incident

P5 – Still Frame Photo of Incident

P6 – Still Frame Photo of Incident

P7 – Still Frame Photo of Incident

P8 – Still Frame Photo of Incident

P9 – Will Barnes CV

P10 – Will Barnes Expert Report

P11 – Will Barnes Rendering

P12 – Photo of Waverly Hall Dollar General Exterior

P13 -- Photo of Waverly Hall Dollar General Exterior

P14 – Photo of Waverly Hall Dollar General Interior

P15 -- Photo of Waverly Hall Dollar General Interior

P16 – Photo of Ellerslie Dollar General Exterior

P17 -- Photo of Ellerslie Dollar General Exterior

P18 – Dollar General Standard Operating Procedures

P19 – Summary of Medical Bills

P20 – Summary of Lost Wages

P21 – St. Francis Hospital Bills

P22 – St. Francis Physician Practices Bills

P23 – Anesthesia Associates of Columbus Bill

P24 – St. Francis Medical Center Bill

P25 – St. Francis Hospital Bill

P26 – Harris County EMS Bill

P27 – Southeast Forensic Consultants Report

P28 – Southeast Forensic Consultants Retainer Requirement/Fee Schedule

P29 – Mortality Table

P30 – St. Francis Pre-operative Report

P31 – Radiology Report

P32 – St. Francis Operative Report

P33 – Emergency Room Physician

P34 – Discharge Patient Medication List

P35 – Medical Records Follow-Up Appointments

P36 – Physical Therapy Records

P37 – X-Rays

P38 – Crocs Advertisement                              *

P39 – Dollar General Certificate of Occupancy       *

*Note: Plaintiff reserves the right to use any exhibit listed by Defendants. Plaintiff also reserves the right to supplement his trial exhibit list up to 5 days before trial.

## **DEFENDANT'S TRIAL EXHIBITS**

D1:          March 11, 2018 Store Incident Report;

D2:          March 11, 2018 Store Surveillance Video;

D3 – 81:     Photographs taken by Travis Gourley;

D82 – 139:  Still shots of Surveillance video;

D140:        Affidavit          of          Travis          Gourley;

D141:        Travis Gourley's Report;

D142:        Travis Gourley's updated CV;

D143:        Travis Gourley's Testimony List

D144:        Deposition of Will Barnes with Exhibits;

D145:        Will Barnes' CV

D146:        Will Barnes' Hourly Rate Schedule;

D147:        Will Barnes' File;

D148:        Will Barnes' Affidavit & Report;

D149 –154:  Jeffrey  Stewart  Deposition,  with  Color  Photo  Exhibits Individually Numbered;

D155:        SOP 42, Floor Maintenance;

D156:        SOP 118, Spill Response;

D157:        SOP 124, Accidents and Injury;

D158:        Certified Billing Records from St. Francis Hospital;

D159:        Certified Billing records from Columbus Radiology (1st Set);

D160:        Certified Billing records from Columbus Radiology (2nd Set);

D161:        Certified Records from Harris County EMS;

D162:        Certified Medical Records from St. Francis;

D163:        Certified Medical Records from St. Francis Radiology;

D164:        Certified Billing Records from St. Francis Hospital, Rehab;

D165:        Certified  Medical  Records  from  St.  Francis  Orthopaedic Institute, Columbus;

D166:        Certified Medical Records from St. Francis Physical Therapy;

D167:        Employment Records from West Georgia Eye Care Center;

D168:        Plaintiff's        shoes        from        date        of        incident;

D169:        Photo of Plaintiff's shoes; and

D170:        Photo of Plaintiff's shoes.

Defendant respectfully reserves the right to supplement this trial exhibit list up to 5 days before trial.

## EXHIBIT D

## PLAINTIFF'S FORM OF THE VERDICT

1.    We, the jury, find in favor of the Plaintiff.

Answer YES or NO: _____.

**If you answered "YES" to Question 1 proceed to Questions 2. If you answered "NO" to Question 1 then you have found in favor of Defendant Dollar General and your jury service is complete.**

2.    We, the jury, award damages to the Plaintiff in the following amount:

$_____.

This the _____ day of September, 2019.

_____
Foreperson

## **<u>DEFENDANT'S PROPOSED VERDICT FORM</u>**

_____ We, the jury, find for the Defendant, Dolgencorp, LLC, as: [Check one below]

   _____ Defendant is not liable to Plaintiff.

   _____ Plaintiff Jeffrey Stewart's comparative fault is greater than or equal to 50%.

< OR >


_____ We, the jury, find that Defendant, Dolgencorp, LLC, is liable to the Plaintiff, Jeffrey Stewart, and that the negligence of Mr. Stewart was less than 50% and, more specifically, we find:

   Plaintiff Jeffrey Stewart was _____% negligent; and

   Defendant Dolgencorp was _____% negligent.

   [Percentages must add up to 100%.]

< AND >


  We, the jury, award Plaintiff unreduced damages in the amount of $_____.


_____

Date

_____

Foreperson Signature


_____

Foreperson (please print)

23